**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**NATHAN ROWAN,** individually and on behalf of all others similarly situated,

Plaintiff,

**v.**

**ARRIVIA, INC.**, a Delaware corporation, and **ALLEN MARKETING GROUP, INC.**, a Utah corporation,

Defendants.

**CASE NO. 1:21-CV-00587-MN**

CLASS ACTION

**DEFENDANT ARRIVIA, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND/OR TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS**

BAYARD, P.A.
Thad J. Bracegirdle (DE No. 3691)
Ronald P. Golden III (DE No. 6254)
600 N. King Street, Suite 400
Wilmington, DE 19801
Phone: (302) 655-5000
Email: tbracegirdle@bayardlaw.com
rgolden@bayardlaw.com

OF COUNSEL:

MANATT, PHELPS & PHILLIPS, LLP
Christine M. Reilly
Alexandra N. Krasovec
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Phone: (310) 312- 4000
Email: CReilly@manatt.com
AKrasovec@manatt.com

*Attorneys for Defendant Arrivia, Inc.*

# TABLE OF CONTENTS

**Page**


INTRODUCTION ........ 1

PROCEDURAL HISTORY ........ 2

RELEVANT ALLEGATIONS ........ 3

APPLICABLE LEGAL STANDARDS ........ 4

A. Rule 12(b)(1) – Lack of Federal Subject Matter Jurisdiction (Article III Standing) ........ 4

B. Rule 12(b)(6) – Failure to State a Claim for Relief ........ 5

C. Rules 12(f) and 23 – Striking Facially Uncertifiable Class Allegations ........ 6

ARGUMENT ........ 7

**I**. THE AMENDED COMPLAINT MUST BE DISMISSED UNDER RULE 12(B)(1) BECAUSE PLAINTIFF LACKS ARTICLE III STANDING. ........ 7

A. Plaintiff Fails to Allege Facts Showing He Suffered An Injury in Fact. ........ 7

B. Plaintiff Fails to Allege Facts Showing His Purported Injury is Fairly Traceable to Arrivia. ........ 7

C. Plaintiff Fails to Show His Claims Can Be Redressed by Arrivia. ........ 8

**I**I. THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UNDER THE TCPA. ........ 8

A. Plaintiff Fails to Plead Facts Supporting Vicarious TCPA Liability. ........ 9

B. Plaintiff Fails to Plead Facts Supporting His DNC Claim. ........ 15

**I**II. PLAINTIFF'S FACIALLY UNCERTIFIABLE CLASS ALLEGATIONS SHOULD BE STRICKEN UNDER RULES 12(F) AND 23. ........ 16

A. Plaintiff Has Not Adequately Alleged His DNC Claim and Thus Cannot Represent the DNC Class. ........ 17

B. Common Questions of Law and Fact Do Not Predominate. ........ 17

C. PLAINTIFF'S PROPOSED CLASS DEFINITION IS OVERBROAD. ........ 18

**I**V. THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE. ........ 19

CONCLUSION ........ 20

## TABLE OF AUTHORITIES

**Page**

### CASES

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*,
2018 WL 288055 (N.D. Cal. Jan. 4, 2018) .......... 9

*Angstadt v. Midd-W. Sch. Dist.*,
377 F.3d 338 (3d Cir. 2004) .......... 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 5

*Bank v. CreditGuard of Am.*,
2019 WL 1316966 (E.D.N.Y. Mar. 22, 2019) .......... 7

*Bank v. Vivint Solar, Inc.*,
2019 WL 1306064 (E.D.N.Y. Mar. 22, 2019) .......... 10, 15

*Bank v. Vivint Solar, Inc.*,
2019 WL 2280731 (E.D.N.Y. Feb. 25, 2019) .......... 10

*Barker v. Sunrun Inc.*,
2019 WL 1983291 (D.N.M. Apr. 29, 2019) .......... 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 5, 6, 16

*Berger v. Home Depot USA, Inc.*,
741 F.3d 1061 (9th Cir. 2014) (*abrogated on other grounds by Microsoft v. Baker*,
137 S. Ct. 1702 (2017)) .......... 17

*Bridges v. Torres*,
809 F. App'x 69 (3d Cir. 2020) .......... 5

*Clark v. McDonald's Corp.*,
213 F.R.D. 198 (D.N.J. 2003) .......... 6

*Covington v. Int'l Ass'n of Approved Basketball Officials*,
710 F.3d 114 (3d Cir. 2013) .......... 9

*Finkelman v. Nat'l Football League*,
810 F.3d 187 (3d Cir. 2016) .......... 5

*Gen. Tel. Co. of the Sw. v. Falcon*,
457 U.S. 147 (1982) .......... 6, 17

*Glass v. Tradesmen Int'l, LLC*,
2020 WL 7129594 (N.D. Ohio Dec. 4, 2020) .......... 19

*Hayes v. Wal-Mart Stores, Inc.*,
725 F.3d 349 (3d Cir. 2013) .......... 17

**TABLE OF AUTHORITIES**
**(Continued)**

**Page**

*Herskowitz v. Apple, Inc.*,
301 F.R.D. 460 (N.D. Cal. 2014)....................17

*Hicks v. Alarm.com*,
2020 WL 9261758 (E.D. Va. Aug. 6, 2020)....................5, 8

*Hirsch v. Lyndon S. Ins. Co.*,
2019 WL 5110622 (M.D. Fla. June 7, 2019), *R&R adopted sub nom. Hirsch v. Ensurety Ventures, LLC*, 2019 WL 8370863 (M.D. Fla. Aug. 6, 2019), *aff'd*, 805 F. App'x 987 (11th Cir. 2020)....................14

*Hopkins v. Concorde Career Colleges, Inc.*,
2016 WL 1238775 (D. Del. Mar. 29, 2016)....................14

*In re FieldTurf Artificial Turf Mktg. & Sales Pracs. Litig.*,
2018 WL 4188459 (D.N.J. Aug. 31, 2018)....................17

*In re Joint Petition filed by Dish Network, LLC*, 2013 WL 1934349, 28 FCC Rcd. 6574 (2013)....................9

*Int'l Constr. Prod. LLC v. Caterpillar Inc.*,
2016 WL 4445232 (D. Del. Aug. 22, 2016)....................19

*Kern v. VIP Travel Servs.*,
2017 WL 1905868 (W.D. Mich. May 10, 2017)....................10, 13, 15

*Klein v. Just Energy Grp., Inc.*,
2016 WL 3539137 (W.D. Pa. June 29, 2016)....................10, 11, 12, 13

*Kline v. Elite Med. Lab'ys, Inc.*,
2019 WL 6828590 (M.D. Pa. Dec. 13, 2019).................... passim

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014)....................5, 7

*Licari Family Chiropractic v. eClinical Works, LLC*,
2019 WL 7423551 (M.D. Fla. Feb. 16, 2018)....................19

*Linlor v. Five9, Inc.*,
2017 WL 5885671 (S.D. Cal. Nov. 29, 2017)....................10

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)....................5, 7, 8

*Maldonado v. HSBC Mortg. Sys., Inc.*,
2017 WL 3496460 (D. Nev. Aug. 15, 2017)....................19

*McCoy v. Favata*,
2020 WL 1929040 (D. Del. Apr. 21, 2020), *motion to certify appeal denied*, 2020 WL 5891898 (D. Del. Oct. 5, 2020)....................20

*Meeks v. Buffalo Wild Wings, Inc.*,
2018 WL 1524067 (N.D. Cal. Mar. 28, 2018)....................10

**TABLE OF AUTHORITIES**
**(Continued)**

**Page**

*Morse v. Lower Merion Sch. Dist.*,
132 F.3d 902 (3d Cir. 1997)....................5, 12

*Naiman v. Freedom Forever, LLC*,
2019 WL 1790471 (N.D. Cal. Apr. 24, 2019)....................13, 16

*Naiman v. TranzVia LLC*,
2017 WL 5992123 (N.D. Cal. Dec. 4, 2017)....................13

*Nash v. Akinbayo*,
2019 WL 4393159 (D. Del. Sept. 13, 2019)....................6, 16

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
259 F.3d 154 (3d Cir. 2001), *as amended* (Oct. 16, 2001)....................17

*Pascal v. Agentra, LLC*,
2019 WL 5212961 (N.D. Cal. Oct. 16, 2019)....................9

*Ramsay v. Frontier, Inc.*,
2021 WL 651021 (D. Colo. Feb. 19, 2021)....................19

*Reuben v. U.S. Airways Inc.*,
500 F. App'x 103 (3d Cir. 2012)....................20

*Rice v. Electrolux Home Prod., Inc.*,
2015 WL 4545520 (M.D. Pa. July 28, 2015)....................19

*Rice v. First Energy Corp.*,
339 F. Supp. 3d 523 (W.D. Pa. 2018)....................1, 11, 12

*Royal Mile Co. v. UPMC*,
40 F. Supp. 3d 552 (W.D. Pa. 2014)....................6

*Schlesinger v. Reservists Comm. to Stop the War*,
418 U.S. 208 (1974)....................17

*Sheski v. Shopify (USA) Inc.*,
2020 WL 2474421 (N.D. Cal. May 13, 2020)....................9

*Simon v. Eastern Ky. Welfare Rights Org.*,
426 U.S. 26 (1976)....................7

*Spokeo, Inc. v. Robins*,
136 S.Ct. 1540 (2016)....................5, 7

*Thomas v. Sandstrom*,
2009 WL 5111788 (M.D. Pa. Dec. 16, 2009)....................19

*Thomas v. Taco Bell Corp.*,
582 F.App’x. 678 (9th Cir. 2014)....................10

*Thomas-Fish v. Avborne Accessory Grp., Inc.*,
2019 WL 3281273 (D. Del. July 19, 2019), *R&R adopted sub nom. Thomas-Fish v. Avborne Accessory Grp.*, 2019 WL 3574205 (D. Del. Aug. 6, 2019)....................11

**TABLE OF AUTHORITIES**
**(Continued)**

**Page**

*Torres v. CareerCom Corp.*,
1992 WL 245923 (E.D. Pa. Sept. 18, 1992) ....18

*Trunzo v. Citi Mortg.*,
2014 WL 1317577 (W.D. Pa. Mar. 31, 2014) ....6

*United States v. Bestfoods*,
524 U.S. 51 (1998) ....11

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ....18

*Whittlestone, Inc. v. Handi–Craft Co.*,
618 F.3d 970 (9th Cir. 2010) ....6

*Yagman v. Allianz Ins.*,
2015 WL 5553460 (C.D. Cal. May 11, 2015) ....6

*Zarichny v. Complete Payment Recovery Servs., Inc.*,
80 F. Supp. 3d 610 (E.D. Pa. 2015) ....9, 12, 14

**STATUTES**

47 U.S.C. § 227(c)(5) .... passim

Telephone Consumer Protection Act ....1

**OTHER AUTHORITIES**

47 C.F.R. § 64.1200(c)(2) .... passim

47 C.F.R. § 64.1200(f)(15) ....18

https://www.businesswire.com/news/home/20201112005350/en/International-Cruise-Excursions-Inc.-ICE-Introduces-arrivia-as-Its-New-Corporate-Name-and-Brand-Identity (last visited July 24, 2021) ....11

Restatement (Third) of Agency § 4.01 cmt. d ....10

Article III of the U.S. Constitution .... passim

**RULES**

Fed. R. Civ. P. 12(b)(1) .... passim

Fed. R. Civ. P. 12(b)(6) .... passim

Fed. R. Civ. P. 12(f) ....2, 6, 16, 19

Fed. R. Civ. P.23 ....2, 6, 16

Fed. R. Civ. P. 23(b)(3) ....17

## INTRODUCTION

Plaintiff has filed an Amended Complaint seeking to hold Arrivia, Inc. ("Arrivia") liable under the Telephone Consumer Protection Act ("TCPA") based upon his alleged receipt of calls from Allen Marketing Group, Inc. ("AMG"). Yet, Plaintiff's amended pleading still fails to support a plausible inference that Arrivia is vicariously liable for the particular calls Plaintiff received and likewise fails to cure the many other fatal defects of his prior pleading.

According to the Amended Complaint, AMG offered Plaintiff a vacation package that referenced various "perks," including one that could be redeemed at TravelSavingsDollars.com. Plaintiff alleges that "Arrivia owns and operates TravelSavingsDollars.com…as a result of SOR Technology, LLC's merger into Arrivia." Yet, Plaintiff fails to allege any facts explaining who SOR Technology ("SOR") is, its connection to TravelSavingsDollar.com, or its relationship to this case generally. Further, Plaintiff fails to allege any facts demonstrating how the mere mention of Travel Savings Dollars ("TSDs"), among various other perks ancillary to the vacation package, is sufficient to show that AMG placed the calls at issue ***on behalf of Arrivia***. Plaintiff's FAC should be dismissed in its entirety and with prejudice for at least the following reasons:

**First**, the Court should dismiss under Fed. R. Civ. P. 12(b)(1) because Plaintiff cannot meet the requisite elements for Article III standing—specifically, injury in fact, causation and redressability. In this regard, Plaintiff fails to allege sufficient facts showing he suffered an injury in fact, much less non-conclusory allegations tracing any purported "injury" to Arrivia's conduct or explaining how any relief from Arrivia will redress his alleged injuries caused to him by other parties.

**Second**, the Court should dismiss the Amended Complaint with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because, despite amending and having the benefit of Arrivia's previous dispositive motion when doing so (*see* D.I. 15, 16), Plaintiff still fails to sufficiently allege

non-conclusory allegations that Arrivia had an agency relationship with or control over any parties who purportedly placed the calls at issue, as required to plead vicarious TCPA liability.

**Third**, the Court should dismiss the Amended Complaint with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because Plaintiff still has not pled facts sufficient to show that he received more than one "telephone solicitation" call "initiated" by or on behalf of the same entity" as required for a Do Not Call ("DNC") Registry claim under Section 227(c), and Plaintiff cannot further amend his pleading to plausibly allege that he received more than one such call.

**Finally**, while the Amended Complaint should be dismissed for the reasons set forth above, the class allegations are so facially inadequate that certification cannot be granted as pled. Thus, if the Court does not dismiss the Amended Complaint in its entirety and with prejudice, it should strike those improper allegations under Rules 12(f) and 23.

## PROCEDURAL HISTORY

On April 27, 2021, Plaintiff filed his Complaint alleging a violation of Section 227(c) of the TCPA. *See* D.I. 1. Plaintiff alleged that Arrivia was vicariously liable for calls purportedly placed by AMG because AMG mentioned credits for a website as one of several perks available to purchasers of a vacation package. *Id.*, ¶¶ 44-54. Plaintiff linked Arrivia to the website by alleging that Arrivia "acquired" SOR. *Id.*, ¶ 19. On June 23, 2021, Arrivia moved to dismiss Plaintiff's Complaint and/or to strike Plaintiff's class allegations, arguing that Plaintiff failed to allege any basis for imposing liability on Arrivia for any purported conduct of SOR or facts suggesting AMG placed the calls at issue on behalf of Arrivia, amongst other things. *See* D.I. 15, 16.

On July 14, 2021, Plaintiff filed an Amended Complaint again alleging a single violation of Section 227(c). The Amended Complaint alleges that Arrivia is vicariously liable for the calls purportedly placed by AMG based on the same website reference, but this time because SOR

"merge[d] into Arrivia." D.I., 18, ¶ 17 & n.4. Plaintiff also removed references to the TravelSavingsDollars.com website's terms of use, which identified SOR. *See* D.I. 1, ¶¶ 18-19 & n.4, 5.

## RELEVANT ALLEGATIONS

### A. Plaintiff's Individual Allegations

Plaintiff alleges that he received four "unsolicited" phone calls from defendant AMG. D.I. 18, ¶¶ 36-42. Plaintiff alleges that he did not answer the first or second call and, while he answered the third, he "heard 11 seconds of silence before the call was disconnected." *Id*. Plaintiff claims he answered a fourth call, during which he was offered a vacation package "that would include a 4 days, 3 nights stay in Las Vegas, a $100 dining card, $100 credit towards a meal at Pampas Brazilian Steakhouse, a $100 American Express card, and $1000 of travel credit to be used at TravelSavingsDollars.com." *Id*., ¶ 44. Plaintiff alleges that he "played along" with the caller to identify which company was calling him. *Id*., ¶ 45. Plaintiff alleges he was provided the following information on the call and shortly thereafter: (1) the phone number 866-551-0868, which he alleges belongs to AMG; (2) a purchase confirmation by mail from AMG which directed Plaintiff to call 877-218-8232 or email help@vacationoffer.com, both of which Plaintiff alleges belong to a d/b/a of AMG; and (3) a list of "perks" included in the vacation package, which included $100 "dining dough," a $100 cash voucher, $1,000 in TSDs, a $100 gift card to Pampas Steakhouse, and a certificate for a 7-night vacation at one of over 3000 resorts. *Id*., ¶¶ 48-54. Plaintiff claims the words "Take a Test Drive" referenced in the list under the TSDs perk "is a link at the top of the TravelSavingsDollars.com website." *Id*., ¶ 55.

Plaintiff concludes that Arrivia "owns and operates TravelSavingsDollars.com…***as a result of*** [SOR]'s merger into Arrivia." *Id*., ¶ 17 & n.4 (emphasis added). Plaintiff also concludes that "Arrivia entered into a written agreement with AMG for AMG to promote Arrivia's travel

credits for the website TravelSavingsDollars.com by means of telemarketing." *Id.*, ¶ 27. Plaintiff concludes that "Arrivia instructed AMG on the geographic regions they can make calls into, provided AMG the required qualifications for potential clients, provided AMG the pricing and other information to supply during the calls to promote Arrivia's travel credits," and allowed AMG "to bind Arrivia in contracts relating to the travel credits." *Id.*, ¶ 28. Plaintiff alleges that "Arrivia also pays AMG for each travel vacation package that AMG sells that includes a travel credit." *Id.*, ¶ 29. Based thereon, Plaintiff concludes that "AMG was authorized by Arrivia to act on Arrivia's behalf with respect to the telemarketing phone calls" alleged in the Amended Complaint and/or that Arrivia ratified AMG's conduct or was "negligent in supervising AMG'[s] making of the telemarketing calls" alleged. *Id.*, ¶ 30.

### B. Plaintiff's Class Allegations

Plaintiff seeks to represent the following class:

> All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants or any agents acting on their behalf called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) to sell them any vacation package that included Arrivia travel credits.

D.I. 18, ¶ 61.

## APPLICABLE LEGAL STANDARDS

### A. Rule 12(b)(1) – Lack of Federal Subject Matter Jurisdiction (Article III Standing)

Fed. R. Civ. P. 12(b)(1) provides that a complaint is properly dismissed where there is a lack of subject matter jurisdiction. Article III of the U.S. Constitution confers on the federal judiciary the power to adjudicate certain cases and controversies. To establish Article III standing, (i) a plaintiff must have suffered a concrete and particularized "injury in fact"; (ii) there must be a causal connection between the injury and the conduct complained of (*i.e.*, "causation" or "traceability");

and (iii) the injury must be capable of being redressed by a favorable decision (*i.e*., "redressability"). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (party invoking federal subject matter jurisdiction has the burden of establishing standing); *Lexmark Int'l, Inc. v. Static Control Components, Inc*., 572 U.S. 118, 125 (2014) (holding that the "causation" element requires that the "injury in fact" be "fairly traceable" to the defendant's conduct). "[T]o survive a motion to dismiss for lack of standing, a plaintiff 'must allege facts that affirmatively and plausibly suggest that it has standing to sue.' Speculative or conjectural assertions are not sufficient." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 194 (3d Cir. 2016) (citations omitted); *see also Hicks v. Alarm.com*, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (dismissing putative TCPA class action under Rules 12(b)(1) and 12(b)(6), holding that "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability" under Article III).

**B. Rule 12(b)(6) – Failure to State a Claim for Relief**

Rule 12(b)(6) provides for dismissal where a plaintiff fails to sufficiently state a claim for relief. A legal claim brought in federal court mandates the pleading of sufficient facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A "bare assertion" and "conclusory allegation[s]" will not suffice. *Id*. Naked allegations without factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted). A "formulaic recitation of the elements" of a claim also fails to meet the requisite pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also id.* (pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Moreover, while the Court must generally accept Plaintiff's factual allegations as true, conclusory allegations, unwarranted or unreasonable inferences, and legal conclusions do not suffice

and will not prevent dismissal. *See Bridges v. Torres*, 809 F. App'x 69, 71 (3d Cir. 2020); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."); *Nash v. Akinbayo*, 2019 WL 4393159, at *3 (D. Del. Sept. 13, 2019) ("The Court is not obligated to accept as true 'bald assertions' or 'unsupported conclusions and unwarranted inferences.'") (**Noreika, J.**)).

**C. Rules 12(f) and 23 – Striking Facially Uncertifiable Class Allegations**

Where "the issues are plain enough from the pleadings" to determine that a case should not proceed as a class action, a court may properly resolve class certification at the pleadings stage on a motion to strike, before the plaintiff has moved to certify. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *Royal Mile Co. v. UPMC*, 40 F. Supp. 3d 552, 578 (W.D. Pa. 2014). While motions to strike are generally disfavored, judges may (and, indeed, should in appropriate cases) properly strike faulty class allegations prior to class certification under Rule 12(f) where "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003); *see also Trunzo v. Citi Mortg.*, 2014 WL 1317577, at *14 (W.D. Pa. Mar. 31, 2014) (striking class definitions prior to discovery where "[p]laintiffs' own allegations plainly demonstrate the individual issues present"); *Royal Mile Co.*, 40 F. Supp. 3d at 586 (finding it was "'plain enough from the pleadings' that plaintiffs cannot meet the requirements of Rule 23"); *Yagman v. Allianz Ins.*, 2015 WL 5553460, at *4 (C.D. Cal. May 11, 2015) (striking class allegations where allowing untenable class claims to proceed past the pleadings stage "would inject significant uncertainty as to the scope of discovery and other pre-trial proceedings") (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)); *Twombly*, 550 U.S. at 558-59 (2006) (discussing expense, burden, and potential for discovery abuse in allowing deficiently-pleaded claims to proceed to discovery, which neither "careful case management" nor "careful scrutiny of evidence at the summary judgment stage" will protect

against).

## ARGUMENT

### I. THE AMENDED COMPLAINT MUST BE DISMISSED UNDER RULE 12(B)(1) BECAUSE PLAINTIFF LACKS ARTICLE III STANDING.

#### A. Plaintiff Fails to Allege Facts Showing He Suffered An Injury in Fact.

The "first and foremost" of Article III's requirements is injury in fact. *Spokeo,* 136 S. Ct. at 1547. Plaintiff has not sufficiently alleged an injury in fact because his decision to remain on the line and "play along" on the only call that connected to a live caller does not suffice as injury. *See* D.I. 18, ¶¶ 45-46; *cf. Bank v. CreditGuard of Am.,* 2019 WL 1316966, at *11 (E.D.N.Y. Mar. 22, 2019) (rejecting plaintiff's allegation that he was injured by a prerecorded call where he remained on the phone with a live agent for 20 minutes for investigatory purposes).

#### B. Plaintiff Fails to Allege Facts Showing His Purported Injury is Fairly Traceable to Arrivia.

Causation for Article III standing purposes requires that the "injury in fact" be "fairly traceable" to the defendant's conduct. *Lexmark,* 572 U.S. at 125; *see also Lujan,* 504 U.S. at 560-61 (an injury is not fairly traceable to the defendant if the injury complained of is "th[e] result [of] the ***independent action of some third party*** not before the court'") (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)) (emphasis added).

Plaintiff fails to plead sufficient non-conclusory allegations showing, *inter alia*: (i) any conduct directly or indirectly attributable to Arrivia; (ii) any basis for concluding that the party who initiated the alleged calls is an agent of Arrivia; (iii) any relationship between Arrivia and any third party who placed the alleged calls to Plaintiff; or (iv) what control, if any, Arrivia had over the party who initiated the calls at issue. *See* discussion at Section II.A., *infra*. Rather, Plaintiff alleges only that AMG tried to sell him a vacation package that mentioned a credit for a website, amongst other perks offered by several other third parties not named as defendants. Plaintiff connects Arrivia to

the website by concluding that Arrivia "merge[d]" with SOR without explaining who SOR is or its connection to the website. *See* D.I. 18, ¶¶ 17 & n.4, 44-54. Because Plaintiff fails to allege facts by which one could trace his purported injury to Arrivia, he lacks Article III standing. Thus, Plaintiff's Amended Complaint must be dismissed under Rule 12(b)(1). *See, e.g., Hicks*, 2020 WL 9261758, at *5 (holding that "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability"); *Barker v. Sunrun Inc.*, 2019 WL 1983291, at *4 (D.N.M. Apr. 29, 2019) (dismissing TCPA case for lack of Article III standing under Rule 12(b)(1) <u>and</u> Rule 12(b)(6), holding "Plaintiff failed to allege any action or omission by [defendant] that could connect its conduct to the claimed wrongful acts").

### C. Plaintiff Fails to Show His Claims Can Be Redressed by Arrivia.

Plaintiff also has not shown that his claims can be redressed by Arrivia. Redressability means a non-speculative "likel[ihood] that the injury alleged will be remedied "by a favorable decision." *See Lujan*, 504 U.S. at 560-61. In addition to statutory damages, Plaintiff purportedly seeks injunctive relief. *See* D.I. 18, ¶ 33. But because Plaintiff fails to plead any non-conclusory allegations showing any conduct specifically attributable ***to*** Arrivia, his purported injury is not capable of being redressed ***by*** Arrivia. Indeed, enjoining Arrivia cannot prevent AMG or other unidentified third parties from placing calls to Plaintiff, and imposing statutory or other damages on Arrivia will not prevent unlawful conduct of any other party who may have placed unsolicited calls to Plaintiff. Thus, Plaintiff lacks Article III standing, and the Court should dismiss the Amended Complaint pursuant to Rule 12(b)(1). *See Hicks*, 2020 WL 9261758, at *5.

## II. <u>THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UNDER THE TCPA.</u>

Plaintiff's Amended Complaint asserts a single cause of action for violation of Section 227(c), which prohibits "initiat[ing]" more than one "telephone solicitation" call "by or on behalf of

the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Plaintiff's claim fails for several reasons:

### A. Plaintiff Fails to Plead Facts Supporting Vicarious TCPA Liability.

It is well established that, "[f]or a person to 'make' [or 'initiate'] a call under the TCPA, the person must either (1) ***directly make*** the call, or (2) have an ***agency relationship*** with the person who made the call." *Pascal v. Agentra, LLC*, 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019) (quoting *Abante Rooter & Plumbing v. Farmers Grp., Inc*., 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018)) (emphasis added). It is equally accepted that direct liability under the TCPA applies only to persons or entities that "initiate" telemarketing calls, where "initiate" means to "physically place" the call. *Sheski v. Shopify (USA) Inc.*, 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citing *In re Joint Petition filed by Dish Network, LLC*, 2013 WL 1934349, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013)).

Plaintiff does not allege that Arrivia made or "initiated" any of the calls; rather, he seeks to hold Arrivia vicariously liable for calls purportedly placed by AMG. *See* D.I. 18, ¶¶ 27-30. However, vicarious liability cannot be casually pled. Courts uniformly require plaintiffs to meet a certain pleading threshold. *See, e.g., Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 619 (E.D. Pa. 2015) (dismissing where plaintiff did not plead any allegations that could plausibly support her vicarious liability theories). In this regard, federal courts apply common law agency principles to determine vicarious TCPA liability. *Kline v. Elite Med. Lab'ys, Inc.*, 2019 WL 6828590, at *5 (M.D. Pa. Dec. 13, 2019).

To establish vicarious liability, "a plaintiff must plead enough facts to establish that the asserted agency relationship existed." *Id.* at *6. "An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of

the agent." *Id.* at *5 (citing *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 120 (3d Cir. 2013)). This requires "more than mere passive permission; it involves request, instruction, or command." *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *3 (S.D. Cal. Nov. 29, 2017).

Apparent authority likewise does not arise passively and "can only 'be established by proof of something said or done by the [alleged principal], on which [Plaintiff] reasonably relied' to the plaintiff's detriment." *Id*. (quoting *Thomas v. Taco Bell Corp.*, 582 F.App'x. 678, 679 (9th Cir. 2014)); *see also Kline*, 2019 WL 6828590, at *5 ("Apparent authority arises in those situations where the ***principal*** causes persons with whom the agent deals to reasonably believe that the agent has authority despite the absence of an actual agency relationship.") (emphasis added).

Similarly, "[r]atification requires the 'knowing acceptance of the benefits of a transaction.'" *Kern v. VIP Travel Servs.*, 2017 WL 1905868, at *9 (W.D. Mich. May 10, 2017) (citing Restatement (Third) of Agency § 4.01 cmt. d)). Specifically, ratification requires evidence "in the form of an act manifesting affirmance of the calls, manifesting assent for the calls, or justifying a reasonable assumption that [defendant] consented." *Klein v. Just Energy Grp., Inc.*, 2016 WL 3539137, at *12 (W.D. Pa. June 29, 2016). And "[t]hough 'the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *5 (N.D. Cal. Mar. 28, 2018); *see also Bank v. Vivint Solar, Inc.*, 2019 WL 2280731, at *3 (E.D.N.Y. Feb. 25, 2019), *R&R adopted*, 2019 WL 1306064 (Mar. 22, 2019) ("The existence of some connections between the defendant and the maker of the call will not suffice" for vicarious TCPA liability).

Here, Plaintiff's vicarious liability theory fails for at least two reasons:

**1. Plaintiff Fails to Allege Facts Supporting Liability Against Arrivia.**

Plaintiff alleges no non-conclusory allegations that would support a finding of liability against Arrivia for calls purportedly placed by AMG, who was allegedly seeking to sell a vacation package that merely mentioned a website, amongst other perks offered by several other third parties not named as defendants. *See* D.I. 18, ¶¶ 44-54. While Plaintiff alleges that "Arrivia owns and operates" the website "as a result of [SOR's] merger into Arrivia," he fails to explain SOR's connection to the website or allege any facts to support this conclusion. D.I. 18, ¶ 17 & n.4. In fact, the website Plaintiff cites in support of this conclusion merely states that Arrivia "acquired" SOR. *See* https://www.businesswire.com/news/home/20201112005350/en/International-Cruise-Excursions-Inc.-ICE-Introduces-arrivia-as-Its-New-Corporate-Name-and-Brand-Identity (last visited July 24, 2021); *see also Angstadt v. Midd-W. Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004) (stating that the court may properly consider information "explicitly relied upon" in the complaint without converting a motion to dismiss to a motion for summary judgment).

Arrivia's "mere ownership" of SOR is insufficient to justify imposition of liability on Arrivia. *See Rice v. First Energy Corp.*, 339 F. Supp. 3d 523, 541 (W.D. Pa. 2018) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation ... is not liable for the acts of its subsidiaries.") (quoting *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)); *Just Energy Grp., Inc.*, 2016 WL 3539137, at *13 ("As a general principle, a parent corporation is a separate entity from its subsidiaries."); *see also Thomas-Fish v. Avborne Accessory Grp., Inc.*, 2019 WL 3281273, at *3 (D. Del. July 19, 2019), *R&R adopted sub nom. Thomas-Fish v. Avborne Accessory Grp.*, 2019 WL 3574205 (D. Del. Aug. 6, 2019) ("The general rule of successorship liability is really one of nonliability....[A] company which purchases the assets of another company will not ordinarily be held liable for the debts of the seller.").

To the extent Plaintiff seeks to infer that the Court may pierce the corporate veil or that

Arrivia is the alter ego of SOR, his allegations are factually and legally inadequate to support such a finding. *See, e.g.*, *Zarichny*, 80 F. Supp. 3d at 619 (dismissing TCPA claim and finding plaintiff's allegations of shared executives and "generalized allegations" about business conduct fell "far short of the intrusive control [the Third Circuit] requires to hold a parent corporation accountable for its subsidiary's actions."); *Just Energy Grp., Inc.*, 2016 WL 3539137, at *13–14 (on summary judgment, finding plaintiff's allegations that the defendants were "closely-related entities" insufficient to pierce the corporate veil where plaintiff offered "no facts, basis or argument for finding liability of one for the other, or any analysis which would support a finding of liability of any Just Energy defendant"). Here, Plaintiff pleads ***no facts*** suggesting conduct that would warrant finding Arrivia liable for any purported actions of SOR. And Plaintiff's conclusory allegations that SOR "merge[d] into Arrivia," D.I. 18, ¶ 17, are insufficient to justify the imposition of liability on Arrivia. *Morse*, 132 F.3d at 906; *Rice*, 339 F. Supp. 3d at 541.

**2. Plaintiff Fails to Allege AMG Acted as Arrivia's (or SOR's) Agent.**

Even assuming Arrivia could be liable for any purported conduct of SOR, Plaintiff fails to allege sufficient facts supporting an inference that AMG was acting as Arrivia's (or SOR's) agent, whether under an actual authority, apparent authority, or ratification theory. In this regard, Plaintiff does not allege that any caller ever identified themselves as an employee of or as being affiliated with Arrivia (or SOR), much less any facts supporting a plausible inference that Arrivia (or SOR) directed or controlled AMG's conduct, as is required to plead actual agency. *See, e.g.*, *Kline,* 2019 WL 6828590, at *5–6. Rather, Plaintiff merely employs various legal buzzwords, without supporting factual details, to suggest that Arrivia "instructed AMG on the geographic regions they can make calls into, provided AMG the required qualifications for potential clients, provided AMG the pricing and other information to supply during the calls to promote Arrivia's travel credits"

and allowed AMG "to bind Arrivia in contracts relating to the travel credits." *See* D.I. 18, ¶ 28. Such conclusory allegations are insufficient to establish actual authority. *Naiman v. TranzVia LLC*, 2017 WL 5992123, at *11 (N.D. Cal. Dec. 4, 2017) (finding nearly identical allegations inadequate, and stating, "[T]he conclusions that '[defendant] limited the types of business [the third party] could solicit,' 'restricted the geography within which [the third party] could promote [defendant],' "decided whether ... it would accept a customer from [the third party]…without any facts showing how [defendant] did those things" are not sufficient to show vicarious liability").

Plaintiff's allegations that AMG was "authorized by Arrivia" to place telemarketing calls and/or that Arrivia "ratified" AMG's conduct because Arrivia "knew or should have known" that AMG placed calls without permission or was "negligent in supervising" AMG's conduct in placing the calls (D.I. 18, ¶¶ 28-30) are wholly conclusory and insufficient to avoid dismissal. *See Naiman v. Freedom Forever, LLC*, 2019 WL 1790471, at *4 (N.D. Cal. Apr. 24, 2019) (rejecting unsupported "agency" allegations as "wholly conclusory"). Similarly, Plaintiff's allegation that "Arrivia also pays AMG for each travel vacation package that AMG sells" (*see* D.I. 18, ¶ 29) is likewise insufficient to hold Arrivia vicariously liable under the TCPA. *See Kern*, 2017 WL 1905868, at *9 ("[A]n action taken for the benefit of a seller by a third-party retailer, without more, is [not] sufficient to trigger the liability of a seller under section either section 227(c) or section 227(b) [of the TCPA]."); *Just Energy Grp., Inc.*, 2016 WL 3539137, at *8 ("The court is persuaded that a party is not liable merely because they stand to benefit from the call.").

To the extent Plaintiff seeks to assert apparent authority, Plaintiff does not allege that ***Arrivia*** did or said anything ***to him*** or that he relied on such actions or statements of Arrivia to his detriment, as required to plead apparent authority. *See Kline*, 2019 WL 6828590, at *5–6.

Tellingly, the only facts alleged weigh ***against*** an inference of agency. *See, e.g.*, D.I. 18,

¶ 49 (alleging Plaintiff was provided a call back number which he identified as a "phone number displayed on Defendant AMG's website"); *id*. ¶¶ 50-53 (alleging Plaintiff received "a purchase confirmation by mail from Defendant AMG" that directed him to call or email a phone number and email address that purportedly belong to AMG). The only purported "fact" connecting Arrivia to this case in any fashion is that the vacation package referenced various "perks" that Plaintiff could redeem as a benefit to purchasing the AMG vacation package, including TSDs that could be redeemed at TravelSavingsDollars.com. *Id*. ¶¶ 50-54. The mere mention of TSDs, among various other perks ancillary to the vacation package presented, is insufficient to show that AMG was acting on behalf of Arrivia (or SOR). *See Hirsch v. Lyndon S. Ins. Co.*, 2019 WL 5110622, at *6 (M.D. Fla. June 7, 2019), *R&R adopted sub nom. Hirsch v. Ensurety Ventures, LLC*, 2019 WL 8370863 (M.D. Fla. Aug. 6, 2019), *aff'd*, 805 F. App'x 987 (11th Cir. 2020) ("The Federal Communications Commission ('FCC') has explicitly rejected a theory of liability under the TCPA against the seller of a product for telephone calls marketing that product absent an agency or similar relationship between the seller and the caller.").

In fact, it is equally plausible that AMG placed the calls on its own behalf, or on behalf of one of the many other third parties listed in the "perks" for the vacation package. *Id*. ¶ 44 (noting the vacation package included "a 4 days, 3 nights stay in Las Vegas, a $100 dining card, $100 credit towards a meal at Pampas Brazilian Steakhouse, a $100 American Express card, and $1000 of travel credit to be used at TravelSavingsDollars.com"); *see also Hopkins v. Concorde Career Colleges, Inc.*, 2016 WL 1238775, at *3 (D. Del. Mar. 29, 2016) (dismissing complaint where the facts alleged made it "at least equally plausible" that defendant was not liable).

Courts routinely dismiss TCPA claims premised on vicarious liability on the pleadings where, as here, the plaintiff fails to allege sufficient facts establishing an agency relationship with

or control over a purported agent. *See, e.g.*, *Zarichny*, 80 F. Supp. 3d at 619 (dismissing where plaintiff did not plead any allegations that could plausibly support his vicarious liability theories); *Kline*, 2019 WL 6828590, at *6 (dismissing where "there [was] no allegation that [defendant] directed the callers to call Plaintiff on his behalf, or that [defendant] caused the callers to reasonably believe that they had the authority to call Plaintiff on [defendant's] behalf."); *Kern*, 2017 WL 1905868, at *9 (dismissing where plaintiff did not allege "facts from which to infer an agency relationship"); *Bank v. Vivint Solar, Inc.*, 2019 WL 1306064, at *4 (E.D.N.Y. Mar. 22, 2019) (dismissing for failure to allege "any non-conclusory allegations with respect to Defendant's alleged agency relationship or Defendant's alleged control over its purported agent"). This Court should rule similarly and dismiss for failure to plead sufficient facts to show vicarious liability.

### B. Plaintiff Fails to Plead Facts Supporting His DNC Claim.

To successfully state a claim under Section 227(c), Plaintiff must allege he received: (1) more than one telephone solicitation within a 12-month period; (2) by or on behalf of the same entity; and (3) to a residential telephone subscriber who registered their number on the National DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

Plaintiff fails to plausibly allege that he received ***more than one*** telephone solicitation call, as required under Section 227(c). While he alleges four calls, he admits that the first two calls went unanswered, and the third call disconnected before he ever spoke to an agent. D.I. 18, ¶¶ 36-42. Accordingly, Plaintiff has not pled any facts about the content of those three calls from which to ascertain whether they were or were not "telephone solicitations." Thus, only ***one call***—the last of the four calls alleged—could constitute a "telephone solicitation" under Section 227(c). Moreover, the unanswered and/or disconnected calls could have been made by someone other than AMG, or by AMG on behalf of an entity other than Arrivia, as explained above, and for an entirely different

purpose than a "telephone solicitation." Plaintiff seemingly asks the Court to infer that the first three alleged calls were "telephone solicitations" (D.I. 18, ¶ 56) based on the content of the final call, but Plaintiff's rank speculation regarding the other three calls fails to satisfy federal pleading standards and therefore such an inference is unwarranted here. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"); *Nash*, 2019 WL 4393159, at *3 (stating that the Court need not accept unwarranted inferences as true).

Even if Plaintiff had plausibly alleged more than one telephone solicitation, which he has not, Plaintiff does not allege any non-conclusory allegations supporting an inference that the calls were made ***"by or on behalf of"*** Arrivia. *See* discussion at Section II.A, *supra*. Plaintiff's allegations indicate that AMG was selling its own vacation packages and also mentioned other "perks" relating to unnamed third parties. *See* discussion at Section II.A, *supra*. To the extent that references to "perks" associated with AMG's package could even be considered as implicating those third parties who provide them, it is equally plausible that AMG was placing calls "by or on behalf of" any of the other third parties whose perks were identified. Thus, Plaintiff's DNC claim should be dismissed. *See, e.g., Freedom Forever, LLC*, 2019 WL 1790471, at *4 (dismissing § 227(c) claim where plaintiff failed "to plead *any* facts giving rise to a reasonable inference that [defendant] or an entity under its control, made the calls at issue") (emphasis in original). Accordingly, Plaintiff's DNC claim fails, and Plaintiff's Amended Complaint should be dismissed in its entirety.

## III. PLAINTIFF'S FACIALLY UNCERTIFIABLE CLASS ALLEGATIONS SHOULD BE STRICKEN UNDER RULES 12(F) AND 23.

The Court should also strike Plaintiff's faulty class definition and other class-related allegations from the Amended Complaint pursuant to Rules 12(f) and 23 because, among other things, (i) Plaintiff is not a member of the class he seeks to represent, (ii) common questions of law and fact do not predominate, and (iii) the class definition is overbroad. With the proposed

class definition properly stricken, all remaining class-related allegations would be superfluous and therefore should also be stricken.

### A. Plaintiff Has Not Adequately Alleged His DNC Claim and Thus Cannot Represent the DNC Class.

"To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class[.]" *Gen. Tel. Co. Falcon*, 457 U.S. at 156; *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974)); *see also Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 360 (3d Cir. 2013) (considering plaintiff's ability to fall within the class definition dependent upon both plaintiff's having sustained the same injury as the class and upon plaintiff's having sustained an injury for constitutional standing purposes).

As discussed, Plaintiff does not plausibly allege that he received more than one "telephone solicitation" call in a 12-month period "by or on behalf of the same entity." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2); *see also* discussion at Sections II.A., B., *supra*. Plaintiff cannot represent a class of individuals for DNC violations where he himself has not adequately alleged a DNC violation. *See In re FieldTurf Artificial Turf Mktg. & Sales Pracs. Litig.*, 2018 WL 4188459, at *8 (D.N.J. Aug. 31, 2018) (dismissing class claims where no plaintiff was a member of the class they sought to represent). The class allegations should be stricken accordingly.

### B. Common Questions of Law and Fact Do Not Predominate.

"The predominance inquiry demands 'that questions of law or fact common to the members of the class predominate over any questions affecting only individual members.'" *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 186 (3d Cir. 2001), *as amended* (Oct. 16, 2001) (citing Fed. R. Civ. P. 23(b)(3)). "[C]ommon questions must be a significant aspect of the case that can be resolved for all members of the class in a single adjudication." *Herskowitz v. Apple, Inc.*, 301 F.R.D. 460, 470 (N.D. Cal. 2014) (quoting *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1068

(9th Cir. 2014) (*abrogated on other grounds by Microsoft v. Baker*, 137 S. Ct. 1702 (2017))); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (a common question "must be of such a nature that it is capable of classwide resolution—[i.e.,] determination of its truth or falsity will resolve an issue that is central to the validity of . . . the claims in one stroke").

Here, it is apparent from the face of the Amended Complaint that common questions of law and fact do not predominate and that individualized inquiries would be required. In this regard, Plaintiff seeks to represent a class of persons for whom Defendants purportedly called "to sell them any vacation package that included Arrivia travel credits." D.I. 18, ¶ 61. Thus, the Court would be required to conduct individualized inquiries into the purpose for which AMG purportedly called members of the putative class, including whether each call was a "telephone solicitation," and whether each putative class member was offered identical "perks" as a benefit to the AMG vacation package, including mention of the TSDs voucher (facts critical to Plaintiff's vicarious liability claim against Arrivia). Moreover, AMG could presumably have been selling vacation packages on behalf of more than one entity or containing various combinations of perks offered by other third-parties. Thus, a determination of whether a person is a member of the alleged class *and* whether there could be any vicarious liability on the part of Arrivia would necessarily require individualized inquiries.

### C. Plaintiff's Proposed Class Definition is Overbroad.

A proposed class definition is impermissibly overbroad where the class would include members who have not suffered any injury or harm. *Torres v. CareerCom Corp.*, 1992 WL 245923, at *2 (E.D. Pa. Sept. 18, 1992). Here, Plaintiff's class definition is impermissibly overbroad because as worded, it includes individuals who (i) do not use their numbers for "residential" purposes; (ii) have provided prior express invitation or permission; and/or (iii) had an established business relationship with either or both of Defendants and therefore for whom there

would be no claim for TCPA liability against Arrivia as a matter of law. *See* 47 C.F.R. § 64.1200(f)(15) ("The term telephone solicitation . . . does not include a call or message . . . to any person with that person's prior express invitation or permission…[or] with whom the caller has an established business relationship."); 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) (prohibiting telephone solicitations to "residential telephone subscriber[s]").

Courts routinely strike proposed class definitions on this basis. *See, e.g.*, *Glass v. Tradesmen Int'l, LLC*, 2020 WL 7129594, at *13 (N.D. Ohio Dec. 4, 2020) (striking overbroad class definition at the pleadings stage); *Ramsay v. Frontier, Inc.*, 2021 WL 651021, at *7 (D. Colo. Feb. 19, 2021) (striking proposed class as impermissibly overbroad where it "would include thousands of individuals who never have been, and will never be," injured); *Maldonado v. HSBC Mortg. Sys., Inc.*, 2017 WL 3496460, at *4 (D. Nev. Aug. 15, 2017) (striking class allegations on overbreadth grounds where the plaintiff did not attempt "to meaningfully limit his proposed class to persons who have plausible claims against" the defendant); *see also Licari Family Chiropractic v. eClinical Works, LLC*, 2019 WL 7423551, at *3–5 (M.D. Fla. Feb. 16, 2018) (denying certification in TCPA action where proposed class did not exclude individuals who solicited the fax and thus had no claim).

Since Plaintiff's faulty class definition is properly stricken, all remaining "class"-related allegations (*see, e.g.*, D.I. 18, ¶¶ 62-66, 74 and 77) would be superfluous and, therefore, are properly stricken as well. *See, e.g.*, *Thomas v. Sandstrom*, 2009 WL 5111788, at *3 (M.D. Pa. Dec. 16, 2009) ("[C]ourts are specifically empowered with the ability to invoke the dictates of Rule 12(f) sua sponte[.]"); *Rice v. Electrolux Home Prod., Inc.*, 2015 WL 4545520, at *6 (M.D. Pa. July 28, 2015) (exercising authority under Rule 12(f) to strike a count from the complaint sua sponte).

## IV. <u>THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.</u>

The Court has discretion to dismiss Plaintiff's Amended Complaint with prejudice where, as here, amendment would be futile. *See Int'l Constr. Prod. LLC v. Caterpillar Inc.*, 2016 WL 4445232,

at *11 (D. Del. Aug. 22, 2016) ("A dismissal under Fed. R. Civ. P. 12(b)(6) is a 'judgment on the merits' and is therefore ordinarily presumed to be with prejudice."); *Reuben v. U.S. Airways Inc.*, 500 F. App'x 103, 105 (3d Cir. 2012) (affirming dismissal with prejudice where plaintiff failed to provide the court with evidence that the named defendants were relevant parties to her cause of action and thus "amendment would be futile"). Because three of the four calls alleged went unanswered or disconnected prior to speaking with an agent, Plaintiff cannot further amend his pleading to plausibly allege that he received ***more than one*** "telephone solicitation" call in a 12-month period "by or on behalf of the same entity," as required to state a DNC claim under Section 227(c) of the TCPA. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2); *see also* discussion at Section II.B., *supra* (discussing Plaintiff's failure to allege facts supporting a DNC violation as to the calls alleged). Further, despite having already amended the Complaint upon review of Arrivia's prior motion to dismiss (D.I. 15, 16), Plaintiff still fails to sufficiently plead vicarious liability, and likewise has not established Article III standing for his claims. *See* discussion at Sections I, II.A., *supra* (discussing Plaintiff's failure to allege facts supporting Article III standing or vicarious liability). Accordingly, dismissal with prejudice is warranted. *See McCoy v. Favata*, 2020 WL 1929040, at *19 (D. Del. Apr. 21, 2020), *motion to certify appeal denied*, 2020 WL 5891898 (D. Del. Oct. 5, 2020) (denying leave to amend where plaintiff "ha[d] been given an opportunity to cure the substantive issues [in the complaint], and [] failed to do so") (**Noreika, J.**).

## CONCLUSION

For all of these reasons, and for those reasons that may be further presented to the Court, Defendant Arrivia, Inc. respectfully requests that the Court issue an order dismissing Plaintiff's Amended Complaint in its entirety and with prejudice, and striking the class definition and related allegations identified above, along with granting Arrivia all other just and proper relief.

Dated: July 28, 2021

Respectfully submitted,

BAYARD, P.A.

*/s/ Thad J. Bracegirdle*

Thad J. Bracegirdle (DE No. 3691)
Ronald P. Golden III (DE No. 6254)
600 N. King Street, Suite 400
Wilmington, DE 19801
Phone: (302) 655-5000
Email: tbracegirdle@bayardlaw.com
rgolden@bayardlaw.com

OF COUNSEL:

MANATT, PHELPS & PHILLIPS, LLP
Christine M. Reilly
Alexandra N. Krasovec
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Phone: (310) 312- 4000
Email: CReilly@manatt.com
AKrasovec@manatt.com

*Attorneys for Defendant Arrivia, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 28, 2021, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means on all parties and their respective counsel of record.

*/s/ Thad J. Bracegirdle*
Thad J. Bracegirdle